UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF TEXAS

BEAUMONT DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| VS. | § | NO. 1:97-CR-157-6 |
| | § | |
| DORLISSA ANN WARREN | § | |

**REPORT AND RECOMMENDATION RE: PETITION FOR WARRANT
OR SUMMONS FOR OFFENDER UNDER SUPERVISION**

Pending is a "First Amended Petition for Warrant or Summons for Offender Under Supervision," filed April 13, 2006, alleging that defendant violated conditions of supervised release. This matter is referred to the undersigned United States magistrate judge for review, hearing, and submission of a report with recommended findings of fact and conclusions of law. See United States v. Rodriguez, 423 F.3d 919, n. 1 (5th Cir. 1994); see also 18 U.S.C. § 3401(i) (2000); and Local Rules for the Assignment of Duties to United States magistrate judges.

**I. The Original Conviction and Sentence**

Defendant was sentenced on August 26, 1998, before The Honorable Joe J. Fisher, U.S. District Judge of the Eastern District of Texas, after pleading guilty to the offense of possession with intent to distribute cocaine base, a Class A felony. This offense carried a statutory maximum imprisonment term of 40 years. The

guideline imprisonment range, based on a total offense level of 38 and a criminal history category of VI, was 110 to 137 months.  Defendant was subsequently sentenced to 110 months imprisonment followed by five years supervised release subject to the standard conditions of release, plus special conditions to include employment verification; drug aftercare; and a $100 special assessment.

## II.  The Period of Supervision

On May 11, 2005, defendant completed her period of imprisonment and began service of the supervision term.  Defendant's case was later reassigned to The Honorable Marcia A. Crone, U.S. District Judge for the Eastern District of Texas, on November 14, 2005.

## III.  The Petition

United States Probation filed the pending First Amended Petition for Warrant or Summons for Offender Under Supervision on April 13, 2006.  The petition alleges that defendant violated the following conditions of release:

| | |
|---|---|
| Mandatory Condition: | Defendant shall refrain from any unlawful use of a controlled substance. |
| Mandatory Condition: | Defendant shall not commit another federal, state, or local crime. |
| Special Condition: | Defendant shall participate in a program of testing and treatment for drug abuse, as directed by the probation officer, until such time as the defendant is released from the program by the probation officer. |

As grounds, the petition alleges that defendant submitted an urine specimen on November 28, 2005, which tested positive for cocaine, and on January 19, 2006, defendant was charged with unauthorized use of a motor vehicle for which she was subsequently arrested and is currently detained at the Jefferson County Correctional Facility, Beaumont, Texas.  In addition, defendant allegedly failed to attend substance abuse treatment on four occasions and failed to report and submit an urine specimen on December 31, 2005.

### IV.  Proceedings

On July 26, 2006, the undersigned United States Magistrate Judge convened a hearing pursuant to Rule 32.1, Federal Rules of Criminal Procedure, to hear evidence and argument on whether defendant violated conditions of supervised release.  If so, the hearing would also consider the appropriate course of action.

At the revocation hearing, counsel for the government and the defendant announced an agreement as to a recommended disposition.  Defendant would agree to plead "true" to the allegation that she violated a mandatory condition of supervised release by failing to refrain from unlawful use of a controlled substance.  In exchange for defendant's plea of "true," the court should find defendant guilty of committing a Grade C violation, revoke defendant's supervised release and impose eight (8) months imprisonment, with a three (3) year term of supervised release

thereafter.  Further, the government agreed to decline to proceed with remaining alleged violations of supervised release conditions.

At the revocation hearing, defendant pleaded "true" to the allegation that she violated a mandatory condition of supervised release by failing to refrain from unlawful use of a controlled substance.  The court announced that this violation is a Grade C violation, with policy guidelines suggesting 8 to 14 months imprisonment.

### V.  Principles of Analysis

Upon finding by a preponderance of the evidence that a defendant has violated conditions of supervised release, pursuant to 18 U.S.C. § 3583(e)(3) the court may revoke the term of supervised release and require defendant to serve in prison all or part of the term of supervised release without credit for time served on post-release supervision.  The original offense of conviction was a Class A felony; therefore, the maximum term of imprisonment authorized under 18 U.S.C. § 3583(e)(3) is five years.

According to U.S.S.G. § 7B1.1(a), if the court finds by a preponderance of the evidence that defendant violated a mandatory condition of supervised release by failing to refrain from unlawful use of a controlled substance, defendant will be guilty of committing a Grade C violation.  U.S.S.G. § 7B1.3(a)(2) indicates upon a finding of a Grade C violation, the court may (A) revoke probation or supervised release; or (B) extend the term of probation or supervised release and/or modify the conditions

of supervision. U.S.S.G. § 7B1.4(a) provides that in defendant's case a revocation of supervised release based on a Grade C violation and a criminal history category of VI, the guideline imprisonment range is 8 to 14 months.

18 U.S.C. §§ 3583(e) and 3553(a) provide that in determining sentence, the court shall consider:

1. The nature and circumstance of the offense and the history and characteristics of the defendant; see 18 U.S.C. § 3553(a)(1);

2. The need for the sentence imposed to afford adequate deterrence to criminal conduct; to protect the public from further crimes of the defendant; and to provide the defendant with needed educational or vocational training, medical care, other corrective treatment in the most effective manner; see 18 U.S.C. §§ 3553 (a)(2)(B)-(D);

3. Applicable guidelines and policy statement issued by the Sentencing Commission, for the appropriate application of the provisions when modifying or revoking supervised release pursuant to 28 U.S.C. § 994(a)(3), that are in effect on the date the defendant is sentenced; see 18 U.S.C. 3553(a)(4); see also 28 U.S.C. § 924(A)(3);

4. Any pertinent policy statement issued by the Sentencing Commission, pursuant to 28 U.S.C. § 994(a)(2), that is in effect on the date the defendant is sentenced; see 18 U.S.C. § 3553(a)(5); and

5. The need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; see 18 U.S.C. § 3553(A)(6).

## VI. Application

The undersigned has carefully considered each of the five factors listed in 18 U.S.C. §§ 3583(e) and 3553(a).

**Findings:**

Defendant pleaded "true" to the allegation that she violated a mandatory condition of supervised release by failing to refrain from unlawful use of a controlled substance. Based upon defendant's plea of "true" to the allegations and U.S.S.G. § 7B1.1(a), defendant violated conditions of supervised release in the manner alleged in the petition. Defendant's violations are Grade C violations with policy guidelines suggesting 8 to 14 months imprisonment upon revocation.

**Conclusion:**

Defendant has demonstrated inability to adhere to conditions of supervision. Defendant did not comply with conditions of her supervision by failing to refrain from unlawful use of a controlled substance. As such, incarceration appropriately addresses defendant's violation.

## RECOMMENDATIONS

1. The court should find that defendant violated a mandatory condition of supervised release, by failing to refrain from unlawful use of a controlled substance, in the manner alleged in the petition.

2. The petition should be granted and defendant's supervised release revoked pursuant to 18 U.S.C. § 3565.

3. Defendant should be sentenced to a term of imprisonment of eight (8) months.

4. Upon release of imprisonment, defendant should be placed on supervised release for a term of three (3) years. Within seventy-two (72) hours of release from custody of the Bureau of Prisons, defendant should report in person to the probation office in the district to which defendant is released. While on supervised release, the defendant shall not commit another federal, state, or local crime and shall comply with the standard conditions that have been adopted by the Court, and shall comply with the following additional conditions:

   a. Defendant shall provide the probation officer with access to any requested financial information for purposes of monitoring her efforts to obtain and maintain lawful employment.

   b. Defendant shall participate in a program of testing and treatment for drug abuse, under the guidance and direction of the U.S. Probation Office, until such time as the defendant is released from the program by the probation officer.

### OBJECTIONS

At the close of the revocation hearing, defendant, defense counsel, and counsel for the government each signed a standard form waiving their right to object to the proposed findings and recommendations contained in this report, consenting to revocation of supervised release as recommended herein. Therefore, the court may act on the report and recommendation immediately.

SIGNED this __31__ day of July, 2006.

_____
Earl S. Hines
United States Magistrate Judge